**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NELSON REYES CALZADA, AKA Nelson Roberto Ramos-Reyes, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No.   15-73322 Agency No. A078-961-950 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019**

Before:     WALLACE, CANBY, and TASHIMA, Circuit Judges.

Nelson Reyes Calzada, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT").  Our

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Calzada's contentions as to the social group he raises for the first time in his opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Calzada does not contend the BIA erred in finding that his social group of mistaken rival gang members was not cognizable. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver). Substantial evidence supports the agency's determination that Calzada failed to demonstrate a nexus between the harm he experienced or fears in El Salvador and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Calzada's withholding of removal claim fails.

In light of this disposition, we do not reach Calzada's remaining contentions. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT relief because Calzada failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**